# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| OUTDOOR LEISURE PRODUCTS, INC, et al., | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| DANSONS, INC., et al., | ) ) |
| Defendants. | ) |

Case No. 3:17-05029-CV-RK

## ORDER REGARDING DISCOVERY DISPUTE AND IDENTIFICATION OF TRADE SECRETS

Now before the Court is a discovery dispute related to an Access database maintained by Defendants. After holding a discovery dispute telephone conference on the matter, the Court directed the parties to provide further briefing. (Doc. 83.) That briefing is now complete. (Docs. 87, 89, 92.) Plaintiffs ask the Court to compel Defendants to produce an Access database within their possession. Defendants ask the Court to require Plaintiffs to describe their alleged trade secrets with more particularity before proceeding with further discovery of the Access database. After careful review, the Court will require Plaintiffs to more particularly describe their alleged trade secrets before seeking further discovery of the Access database.

The Court first looks to Federal Rule of Civil Procedure 26 to determine the relevant scope of discovery. Generally, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). While this liberal rule is not bound by admissibility standards, it "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Additionally, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c), and the Court has broad discretion to modify the sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice[.]" Fed. R. Civ. P. 26(d).

"Trade secret cases present unique and difficult problems with respect to the timing and scope of discovery." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 679 (N.D. Ga. 2007). There are competing policy considerations for whether or not to allow discovery before trade secrets are

particularly identified. Policy considerations for allowing Plaintiffs to proceed with discovery before particularly identifying trade secrets include:

> [1] plaintiff's broad right to discovery under the Federal Rules of Civil Procedure[;] . . . [2] the trade secret plaintiff, particularly if it is a company that has hundreds or thousands of trade secrets, may have no way of knowing what trade secrets have been misappropriated until it receives discovery on how the defendant is operating[;] . . . [and 3 the trade secret plaintiff] is placed in somewhat of a "Catch-22": Satisfying the requirement of detailed disclosure of the trade secrets without knowledge [of] what the defendant is doing can be very difficult. If the list is too general, it will encompass material that the defendant will be able to show cannot be trade secret. If instead it is too specific, it may miss what the defendant is doing.

*DeRubeis*, 244 F.R.D. at 680 (citations omitted). In contrast, there are also a number of policy reasons that support an early disclosure requirement:

> (1) it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints, (2) it prevents plaintiffs from conducting "fishing expeditions" and using discovery as a means to obtain the defendant's trade secrets, (3) it assists the court in framing the appropriate scope of discovery, and (4) it enables defendants to form complete and well-reasoned defenses and ensures that defendants need not wait until the eve of trial to defend against trade secret claims effectively.

1-2 Trade Secrets: Law and Practice § 2.06 (2017) (citations omitted); *see also Porous Media Corp. v. Midland Brake Inc.*, 187 F.R.D. 598, 600 (D. Minn. 1999) ("Ordering the listing of trade secrets at the outset of the litigation is a common requirement. Failure to identify the trade secrets with sufficient specificity renders the Court powerless to enforce any trade secret claim. . . . The orderly disposition of cases involving claims of misappropriation of trade secrets cannot permit a situation where the details concerning the claimed trade secrets are not disclosed at an early date in the litigation. Adequate discovery cannot be conducted in the absence of the specific disclosure which is required by this Order."); *Roeslein & Assocs. v. Elgin*, 2018 U.S. Dist. LEXIS 34000, at *29-30 (E.D. Mo. Mar. 2, 2018) ("any particularity in pleading Defendants seek regarding Plaintiffs' trade secret claims may be addressed through the discovery process in this litigation[.]").

In balancing the policy considerations in light of the facts of this case, the Court finds that it is appropriate to first require Plaintiffs to identify their alleged trade secrets with reasonable particularity before seeking discovery of Defendants' Access database. First, Plaintiffs should be aware of the specific products and trade secret information Defendants Simon and Giebel were working on and had access to during the time they were employed by Plaintiff Outdoor Leisure Products. Moreover, this will prevent Plaintiffs from conducting a fishing expedition or using

discovery as a means to obtain the Defendant's trade secrets and will assist the Court in framing the appropriate scope of discovery.

In their briefing, Plaintiffs argue that even if they are required to identify their trade secrets with reasonable particularity, they have already done so. The Court disagrees. The proposed verdict director submitted by Plaintiffs at the Court's request is too generalized and fails to provide enough particularity. In addition, Plaintiffs caveat the verdict director with a note that "the verdict director is preliminary in nature . . . that it may change pending receipt of additional discovery requested in order to determine if Defendants have utilized additional trade secrets." This is the type of fishing expedition that would be permitted if Plaintiffs are not required to identify their trade secrets with reasonable particularity.

Accordingly, Plaintiffs' request that the Court compel Defendants to produce their Access database is **DENIED** without prejudice. Further, the Court **GRANTS** Defendants' request to require Plaintiffs to describe their alleged trade secrets with more particularity before proceeding with further discovery of the Access database.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: August 7, 2018