IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| OUTDOOR LEISURE PRODUCTS, INC, et al., | ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Case No. 3:17-05029-CV-RK |
| DANSONS, INC., et al., | ) | |
| Defendants. | ) ) | |

## ORDER

This is an action involving a trade secrets claim. Before the Court is the Motion for Rule to Show Cause filed by Defendants Dansons, Inc., Paul Simon, and Michael Giebel. (Doc. 103.) Defendants seek an order to show cause why Plaintiffs Outdoor Leisure Products, Inc. and Masterbuilt Manufacturing, LLC and their counsel (1) should not be held in contempt for failure to comply with the Court's April 7, 2018 Order, and (2) should not be required to pay Defendants' attorneys' fees and costs incurred in presenting this motion. (Doc. 103.) Briefing is complete. (Docs. 107, 108, 111.) No hearing is required. For the reasons below, the motion is **DENIED**.

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Schoenfeld v. Kleiber*, No. 07-4020-CV-C-NKL, 2007 WL 3256234, at *2 (W.D. Mo. Nov. 2, 2007).[1]

At the crux of Defendants' motion is their assertion that Plaintiffs' trade secret disclosure (Doc. 103-1) violates the Court's August 7, 2018 Order (Doc. 99), in which the Court directed Plaintiffs to describe their trade secrets with reasonable particularity. "'Reasonable particularity' is a fact specific inquiry that requires, at minimum, a trade secret plaintiff [to] disclose sufficient information to: (1) put a defendant on notice of the nature of the plaintiff's claims and (2) allow the defendant to discern the relevancy of any requested discovery to its trade secrets." *Structural Pres. Sys., LLC v. Andrews*, No. CV MJG-12-1850, 2014 WL 12738910, at *2 (D. Md. Mar. 26, 2014).

---

[1] While the Court recognizes it has authority to find a party in contempt, which is not limited to the authority cited here, Defendants do not present any authority in support of their motion.

Plaintiffs have identified and described thirteen discrete categories of information that they claim are misappropriated trade secrets. In addition, unlike their prior disclosure, Plaintiffs maintain that this disclosure "capture[s] the universe of misappropriated trade secrets" (Doc. 107 at 11) and is not open-ended. (*Cf.* Doc. 89-1, n. 1) (Previously, Plaintiffs asserted that their trade secrets disclosure was "preliminary . . . [and] may change pending receipt of additional discovery[.]"). To the extent Defendants challenge the merits of the trade secrets claim, their arguments are premature in that the viability or ultimate success of the claim is not before the Court at this time. The issue here is whether the disclosure gives Defendant notice of the nature of Plaintiffs' trade secrets claim and allows them to discern the relevancy of any requested discovery. The Court finds that it does. Consequently, Defendants have not carried their burden to entitle them to a contempt finding or show cause order.

Because the disclosure complies with the Court's August 7, 2018 Order (Doc. 99), the Motion for Rule to Show Cause filed by Defendants Dansons, Inc., Paul Simon, and Michael Giebel is **DENIED**. (Doc. 103.)

    **IT IS SO ORDERED.**

    s/ Roseann A. Ketchmark
    ROSEANN A. KETCHMARK, JUDGE
    UNITED STATES DISTRICT COURT

DATED: January 31, 2019